# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WENDELL RIELS,<br><br>    Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01314-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

**I.**  **Background**

Plaintiff Lee Wendell Riels ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 13, 2012, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II. Summary of Complaint

Plaintiff was incarcerated at California Substance Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: SATF warden Kathleen Allison, correctional sergeant Ibarra, and correctional officers Manson, Hulse, W. W. Williams, and Khamora.

Plaintiff alleges the following.  On January 7, 2011, Plaintiff's power went off in his cell. Plaintiff informed Defendant Manson, who restored the power.  On January 8, 2011, at 7:30 a.m., Plaintiff' power was off again. Plaintiff told officers Manson and Castellanos.  Defendant Manson told Plaintiff that he was not turning Plaintiff's power back on again.  At third watch, Plaintiff asked Defendant Khamora to restore the power so that Plaintiff can flush the toilet.[1]  Defendant Khamora told Plaintiff it was not his problem.  On January 9, 2011, both second and third watch staff refused to restore power.  On January 10, 2011, Defendant Williams gave Plaintiff a bucket to use in flushing the toilet.  When Plaintiff tried the bucket, he splashed waste onto both his legs.

Plaintiff attempted to address the issue with Defendant Hulse.  Defendant Hulse told Plaintiff that Defendant Ibarra was aware of the situation.  Defendant Hulse told Plaintiff that he did not care and that Plaintiff should not have blown the power out.  On January 11, 2011, at 2:30 p.m., the power was restored.  Plaintiff began to notice pimples appear on his leg, which were swollen and hurt to the touch.  Plaintiff later received antibiotics for what he believed to be staphylococcus.

Plaintiff requests as relief compensatory damages.

---

[1] The toilets at PVSP apparently required electricity to flush.

2

### III. Analysis

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes,* 452 U.S. at 347. To prevail on a claim that a prisoner's Eighth Amendment right to humane conditions of confinement were violated, the prisoner must prove that the prison official knew of and disregarded an excessive risk to the prisoner's safety, which was presented by the conditions of his confinement. *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir. 2001). A claim challenging a prisoner's condition of confinement is analyzed under the deliberate indifference standard. *Farmer,* 511 U.S. at 833-34.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious. *Farmer,* 511 U.S. at 833-34. In determining whether a deprivation is sufficiently serious to satisfy the first component of the deliberate indifference standard, a court must consider the circumstances, nature, and duration of the deprivation. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). The more basic the need, the shorter the time it may be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the prison official must have a "sufficiently culpable state of mind," that is, one of deliberate indifference to the inmate's health or safety." *Farmer,* 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment only if he knows the inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 847. "[D]eliberate indifference describes a state of mind more blameworthy than negligence" but does not require a "purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Liability requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff fails to state a claim against any Defendants. Regarding the alleged unsanitary condition of having a toilet that was not flushed in three days, Plaintiff has not alleged sufficient

facts to demonstrate that an un-flushed toilet for three days rises to the level of a sufficiently serious harm.  *See*, *e.g.*, *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) (requiring inmates to use nonflushable toilets on occasion does not violate Eighth Amendment).

Regarding splashing waste on himself and allegedly contracting staph infection, Plaintiff fails to state a claim against Defendants.  Plaintiff fails to allege facts which demonstrate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff's allegations indicate that when he used the bucket provided for flushing his toilet, he splashed waste on his legs.  Plaintiff thus alleges that he was the cause of exposure to the unsanitary conditions. Plaintiff also has failed to allege facts which indicate that Defendants were aware that Plaintiff was being exposed to the risk of contracting staph infection.

### IV.  Conclusion and Recommendation

Plaintiff fails to state a claim against any Defendants.  The undersigned does not find that Plaintiff can amend his pleadings to cure the deficiencies identified.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 6, 2013**                         /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE

4