1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                EASTERN DISTRICT OF CALIFORNIA

10

11   LEE WENDELL RIELS,                    Case No. 1:12-cv-01314-LJO-DLB PC

12            Plaintiff,                   **FINDINGS AND RECOMMENDATIONS,**
                                           **RECOMMENDING DISMISSAL OF**
13      v.                                 **ACTION, WITH PREJUDICE, FOR**
                                           **FAILURE TO STATE A CLAIM**
14   KATHLEEN ALLISON, et al.,
                                           ECF No. 1
15            Defendants.
                                           THIRTY-DAY DEADLINE
16

17   I.      **Background**

18          Plaintiff Lee Wendell Riels ("Plaintiff") is a prisoner in the custody of the California

19   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20   forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On August 13, 2012, Plaintiff filed

21   his complaint.  (ECF No. 1.)  On April 8, 2013, the Court issued a findings and recommendations,

22   recommending to dismiss the complaint, with prejudice, for failure to state a claim.  (ECF No. 17.)

23   On May 30, 2013, the Court vacated the findings and recommendations and granted Plaintiff leave

24   to amend the complaint.  (ECF No. 23.)  On June 27, 2013, Plaintiff filed a first amended complaint,

25   which is now before the Court for screening purposes.  (ECF No. 24.)

26          The Court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                              1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at California Substance Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: SATF warden Kathleen Allison, correctional sergeant Ibarra, correctional officers Manson, Hulse, W. W. Williams, Madrid, and Khamora, doctor Godwin Ugweueze, Doe Defendant nurses, and Doe Defendants 1-100.

Plaintiff alleges the following. On January 7, 2011, Plaintiff's power went off in his cell. Plaintiff informed Defendant Manson, who restored the power. On January 8, 2011, at 7:30 a.m., Plaintiff' power was off again. Plaintiff told officers Manson and Castellanos. Defendant Manson told Plaintiff that he was not turning Plaintiff's power back on again. At third watch, Plaintiff asked Defendant Khamora to restore the power so that Plaintiff can flush the toilet.[1] Defendant Khamora told Plaintiff it was not his problem. On January 9, 2011, both second and third watch staff refused to restore power. On January 10, 2011, Defendant Williams gave Plaintiff a bucket to use in flushing the toilet. When Plaintiff tried the bucket, he splashed waste onto both his legs.

Plaintiff attempted to address the issue with Defendant Hulse. Defendant Hulse told Plaintiff

---

[1] The toilets at PVSP apparently required electricity to flush.

that Defendant Ibarra was aware of the situation. Defendant Hulse told Plaintiff that he did not care and that Plaintiff should not have blown the power out. On January 11, 2011, at 2:30 p.m., the power was restored. Plaintiff began to notice pimples appear on his leg, which were swollen and hurt to the touch. Plaintiff went to medical, but Defendant Madrid told him to go away even though Plaintiff told him about his serious medical problem. On January 12, 2011, Plaintiff returned to medical and requested to see a doctor. Again, Defendant Madrid told him to go away. Plaintiff refused to leave until the on-duty nurse came out. Plaintiff showed the Nurse Soto his leg. Nurse Soto called the doctor, who ordered antibiotics for Plaintiff. Plaintiff requested to see the doctor but was denied access for several days.

On March 1, 2011, Plaintiff submitted a medical request form, stating that his right leg had a staph infection for the last three weeks. Plaintiff's leg had little sores all over it, was swelling, and his left leg also had a few sores. On March 3, 2011, Plaintiff saw a medical provider in response to his request. On March 8, 2011, Plaintiff submitted a medical request form, stating that the infection was coming back. Nurse Powell reordered his medication and told him to come back the following week for a checkup. On March 24, 2011, Plaintiff saw a medical provider in response to his request. On April 11, 2013, Plaintiff submitted a medical request for the rash on his legs. On April 13, 2011, Plaintiff saw a medical provider in response to his request. On April 28, 2011, while housed in Ad-Seg, Plaintiff noticed eleven or twelve pimples on his left leg. Plaintiff told the nurse that he had just finished medication for "MRSA" staphylococcus infection. The nurse gave Plaintiff some ointment and sent him away. On April 29, 2011, Plaintiff's leg was badly swollen. Plaintiff saw a doctor three days later, who prescribed medication. On May 1, 2011, Plaintiff submitted a medical request form stating that the sores on his legs were getting worse. On May 3, 2011, Plaintiff saw a medical provider in response to his request.

Plaintiff alleges Eighth Amendment claims for unconstitutional conditions and confinement and deliberate indifference to a serious medical need. Plaintiff requests as relief compensatory damages, punitive damages, and injunctive relief.

///

///

3

**III.** **Analysis**

    A.    Eighth Amendment—Conditions and Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes,* 452 U.S. at 347. To prevail on a claim that a prisoner's Eighth Amendment right to humane conditions of confinement were violated, the prisoner must prove that the prison official knew of and disregarded an excessive risk to the prisoner's safety, which was presented by the conditions of his confinement. *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir. 2001). A claim challenging a prisoner's condition of confinement is analyzed under the deliberate indifference standard. *Farmer,* 511 U.S. at 833-34.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious. *Farmer,* 511 U.S. at 833-34. In determining whether a deprivation is sufficiently serious to satisfy the first component of the deliberate indifference standard, a court must consider the circumstances, nature, and duration of the deprivation. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). The more basic the need, the shorter the time it may be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the prison official must have a "sufficiently culpable state of mind," that is, one of deliberate indifference to the inmate's health or safety." *Farmer,* 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment only if he knows the inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 847. "[D]eliberate indifference describes a state of mind more blameworthy than negligence" but does not require a "purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Liability requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff fails to state a claim against any Defendants.  Regarding the alleged unsanitary

condition of having a toilet that was not flushed in three days, Plaintiff has not alleged sufficient facts to demonstrate that an un-flushed toilet for three days rises to the level of a sufficiently serious harm. *See*, *e.g.*, *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) (requiring inmates to use nonflushable toilets on occasion does not violate Eighth Amendment).

Regarding splashing waste on himself and allegedly contracting staph infection, Plaintiff fails to state a claim against Defendants. Plaintiff fails to allege facts which demonstrate that Defendants knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Plaintiff's allegations indicate that when he used the bucket provided for flushing his toilet, he splashed waste on his legs. Plaintiff thus alleges that he was the cause of exposure to the unsanitary conditions. Plaintiff also has failed to allege facts which indicate that Defendants were aware that Plaintiff was being exposed to the risk of contracting staph infection. Accordingly, Plaintiff fails to state a claim against any defendants for unconstitutional conditions and confinement.

B.      Eighth Amendment—Medical Deliberate Indifference

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.*

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. *Toguchi*, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any defendants. In response to Plaintiff's various medical requests, he never waited more than a few days to be seen by a medical professional. Additionally, Plaintiff saw numerous medical providers for his complaints and received prescriptions and ointments to treat his condition. Although Plaintiff alleges that the treatment he received was medically inadequate, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

## IV. <u>Conclusion and Recommendation</u>

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should

not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __December 4, 2013__          _____ /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE