UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WENDELL RIELS, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN ALLISON, et al., <br><br> Defendants. | **No. 1:12-cv-1314 LJO JLT P** <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS FOR DEDUCTION OF FEES** <br><br> **(Docs. 36, 37)** |

Plaintiff initiated this action on August 13, 2012, and his request to proceed in forma puaperis was granted on January 24, 2013. (Docs. 1, 16.) On June 12, 2014, this case was dismissed for failure to state a claim. (Docs. 25, 27-28.) The dismissal was affirmed on appeal. (Doc. 34.)

Pending now are two motions filed by plaintiff seeking a reduction in the amount withdrawn from his trust account monthly pursuant to 28 U.S.C. § 1915(b). Plaintiff seeks this reduction on the ground of hardship, claiming that he is left with less than $5 every month after funds are withdrawn for this case, for restitution, and for fees owed to the Ninth Circuit Court of Appeals.

As plaintiff was previously informed, he is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). This payment is made by way of an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). Thereafter,

1

plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments are to be made until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

This Court is unable to reduce plaintiff's monthly obligations because the amount to be deducted is statutorily prescribed. In addition, there is no hardship exception to 28 U.S.C. § 1915. In an analogous case, the Supreme Court was faced with the question whether the payment of in forma pauperis fees in more than one case should be sequential or simultaneous. Bruce v. Samuels, 136 S. Ct. 627 (2016). The plaintiff-prisoner, a vexatious litigant who had incurred these fees in several cases, argued that they should be collected sequentially – that is, after the fees are paid in one case, collection should begin on the next case. In support, he asserted multiple arguments, including that a simultaneous deduction would result in financial hardship since he would be left with little, if anything, in his trust account after fees are collected for more than one case. Id. at 631. The Court did not find this or plaintiff's other arguments persuasive. As the government pointed out with respect to the plaintiff's hardship argument, "prisons 'are constitutionally bound to provide inmates with adequate food, clothing, shelter, and medical care,'" Farmer v. Brennan, 511 U.S. 825, 832 (1994), and must furnish "'paper and pen to draft legal documents' and 'stamps to mail them,'" Bounds v. Smith, 430 U.S. 817, 824, 825 (1977). Thus, any little amount left over after the deduction of fees would not affect the plaintiff's access to these essentials.

Accordingly, the Court **DENIES** plaintiff's motions for deduction of fees (Docs. 36, 37).

IT IS SO ORDERED.

Dated: __March 19, 2019__           _____/s/ Jennifer L. Thurston__
                                                            UNITED STATES MAGISTRATE JUDGE